IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO.1:10cv092

| | |
|---|---|
| DORIS A. RAMSEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pleading styled, "Motion for Petition for Payment of Attorney's Fees" under the Equal Access to Justice Act [Doc. 18], Consent Motion for Entry of Order Accepting the Parties' Settlement Motion on Attorney Fees [Doc. 19], Defendant's Motion to Withdraw [Doc. 20], and on Defendant's Amended Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorneys' Fees. [Doc. 21].

I. **PROCEDURAL HISTORY**

The Plaintiff Doris Ann Ramsey initiated this action on April 30, 2010, seeking review of the denial of her claim for benefits by the Defendant

Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on July 13, 2010. [Doc. 7]. Thereafter, the Plaintiff filed no motion for summary judgment, but two motions for extension of time to do the same. Ultimately, the Commissioner filed a consent motion to remand. [Doc. 14]. On November 12, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 16].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $2,595.50. [Doc. 18]. In response, the Government states that the parties have agreed to an award in the amount of $2,100.00 for attorney's fees to be made payable to the Plaintiff, stating certain additional conditions in the event that Plaintiff owes any debt qualifying for offset. [Doc. 21-1].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. §

2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the parties have agreed upon an amount, payment source and mode of distribution of attorney fees requested. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Plaintiff initially claimed fees in the amount of $2,595.50, but agreed to the lesser sum of $2,100.00. [Doc. 21-1]. The Plaintiff's submissions in support of that request are sparse. Her motion is not accompanied by the customary memorandum, and contains no identification or analysis of the applicable law and no argument thereon. [Doc. 18].

Despite these deficiencies the Court has reviewed Plaintiff's

timesheet. [Doc. 18-1]. While the Commissioner offers no objection to its contents, the Court finds the time entries leading to the filing of Plaintiff's complaint demonstrate excessive and/or inefficient work at that stage. The complaint itself is three pages in length, follows a boilerplate format typical for Social Security practitioners, and gives comparatively minimal required notice that neither demanded nor displays the twelve total hours claimed for its preparation. [Doc. 14-1].

Further, when comparing the timesheet to the docket sheet, the Court notes that on October 14, Plaintiff filed a consent motion [Doc. 12] for a 30-day extension of time for filing its brief, indicating that the Appeals Council was still within a period of review that might result in remand. In fact, this was the second request for extension of time on that same basis; the possibility of remand was based on a later allowed claim, of which Plaintiff's counsel had been aware since shortly after filing the instant action[1]. Under these circumstances, it is difficult to understand why on the day following the filing of the motion for extension that Plaintiff's counsel and his parapegal would have spent a combined 7.5 hours reviewing the transcript of this matter. [Doc. 18-1].

---

[1] Her September 16, 2010 Motion for Extension of Time [Doc. 10] cites the May 21, 2010 favorable decision of ALJ William T. Overton.

4

Ultimately, remand was granted. Plaintiff never filed her Motion for Summary Judgment. So it is again difficult to understand why on October 19, counsel and his paralegal incurred a combined 8 hours' work on such a motion and accompanying brief. [Doc. 18-1].

Notwithstanding the fact that the Commissioner has not objected, the Court in its discretion will disallow three of the paralegal hours and one of the attorney hours from the total nine claimed for April 15. The Court will further disallow 50% of each of their hours claimed for October 15 and 19, allowing an adjusted total number of hours of 18.95 (11.95 paralegal hours and 7 attorney hours).

Under the EAJA, an award of attorney's fees must not only be "reasonable" with respect to number of hours claimed, but also as to the hourly rate charged. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the

> services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. <u>Payne v. Sullivan</u>, 977 F.2d 900, 901 (4th Cir. 1992). Plaintiff does not seek an upward adjusment, asking a rate of $125 per hour for attorney Gudger's work. The rate claimed is reasonable *per se*.

Plaintiff claims a rate of $65 per hour for the paralegal work of Mr. Toms. It is Plaintiff's obligation to prove that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District, but has provided no proof. See <u>Richlin Sec. Serv. Co. v. Chertoff</u>, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). Her claim does coincide with the fact that in this District, paralegal services have been compensated at a rate of $65.00 per hour. The Court concludes that a rate of $65.00 per hour is reasonable.

Based upon these reasonable hourly rates, the Court concludes that a total attorney fee award of $1,651.75 is justified.

Next, the Plaintiff requests that the fee award be paid directly to his

6

attorney. Recently, a split[2] among the federal circuits over a custom of EAJA fees being awarded directly to a prevailing party's attorney was addressed by the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.—, 2010 WL 2346547 (June 14, 2010). The Court clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Ratliff at *4-7. Plaintiff makes her request via a pleading [Doc. 18] showing her counsel as petitioner for the fees.[3] Ratliff renders that form of pleading disallowable in its entirety, and counsel is instructed to submit no further fee petitions in this posture. For judicial efficiency, in this instance the pleading will be interpreted as Plaintiff's own petition. [Doc. 18].

The government responded to Plaintiff's request by negotiating an agreement with Plaintiff. The parties propose that after a reasonable period for determination whether Plaintiff owes an offset-qualifying debt to

---

[2] The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). The 6th and 8th Circuits had held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

[3] The first sentence of the pleading reads, "Petitioner V. Lamar Gudger, III, attorney for the Plaintiff, hereby respectfully petitions and requests that the Court allow him attorney fees in accordance with 28 USC SS 2412(d)."

the government, if the Plaintiff does owe such a debt, the EAJA fees would be applied first to satisfy the debt and then the balance, made payable to Plaintiff, mailed to counsel. If there is no such debt, Plaintiff's assignment of EAJA fees will be honored via a direct payment to counsel.

The Court does not read Ratliff as precluding a payment arrangement such as the one the parties have suggested. Two cases in the Western District of Virginia have honored such fee assignments after Ratliff, by ordering that counsel be the direct payee of EAJA fees. Hinkle v. Astrue, 2010 WL 3909916 (W.D.Va.,2010), Powers v. Astrue, 2010 WL 2772660 (W.D.Va.,2010). Other cases around the country have held likewise in the five months since the Supreme Court's decision.[4]

---

[4] Beshears v. Astrue, 2010 WL 3522469 (W.D.Ark. Sep. 2, 2010) (pursuant to Ratliff "these fees must be awarded to Plaintiff, not to Plaintiff's attorney ... [h]owever, if Plaintiff has executed an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if Plaintiff owes no outstanding debt to the federal government, the attorney fee award may be awarded to Plaintiff's attorney"); Patterson v. Commissioner, 2010 WL 3211139 (N.D.Ohio Aug. 11, 2010) (directing payment to the lawyer where there is an assignment in contract-"In such a case, the payment of an EAJA award directly to plaintiff, a party who no longer holds any legal right to such an award, is without legal justification. Rather, the award should be paid directly to the party to whom plaintiff has assigned the right to receive the award, the plaintiff's attorney. Moreover, to do otherwise would run the risk of unnecessary litigation if plaintiff, upon receiving an award to which plaintiff is no longer entitled, refuses to give that award to plaintiff's attorney despite a contractual assignment of the award"); Castaneda v. Astrue, 2010 WL 2850778 (C.D.Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel."); Watson v. Astrue, 2010 WL 2903955 (W.D.La. July 19, 2010) ("While Ratliff makes it clear that the attorney fee award is the property of the plaintiff, the prevailing party, counsel also has an interest in ensuring her nonstatutory fee rights are satisfied. Therefore, the undersigned will order the fees be made payable to both counsel and claimant. Counsel for the Commissioner has been contacted and

In addition, the chronology of this case and the particulars of the parties' agreed schedule are distinguishable from the facts in Ratliff. The issue in Ratliff was whether the application of the set off rule was mandatory in the face of a fee assignment. It did not address the question of whether the government could honor assignments in the absence of such debt. The cases that have analyzed the affect of Ratliff on assignments in the five months since the Supreme Court's decision treat the government's offset obligations and attorneys' rights under assignments as competing but not entirely incompatible interests.

The proposed mechanism for payment harmonizes those interests. Its "if-then" approach fully covers the requirements of Ratliff, should an offset-qualifying government debt turn out to exist. The proposal's inclusion of direct payment to counsel if there is no debt honors the assignment and does not appear to be precluded by Ratliff.

There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements

---

has no objection to the award being issued in both counsel and claimant's names."); Booker v. Astrue, 2010 WL 2771875 (S.D.Ind. July 13, 2010) ( [claimant's attorney] attached an assignment to her reply ... and the Government did not challenge its validity. Therefore, the Government shall pay the EAJA fee award directly to [claimant's] attorney."). Other cases have held to the contrary. Johnson v. Astrue, 2010 WL 4094360 at *2 (E.D.Ark, 2010).

9

where there is no debt to the government or where funds remain after satisfaction of such debt.[5]  See Ratliff, 130 S.Ct at 2530.  Subsequent cases have made that observation.  Preston v. Astrue, 2010 WL 3522156 at *2 (M.D.Fla.,2010), Boykin v. Astrue, 2010 WL 3339502 at *1  n.1 (S.D.Ala.,2010).

The exact plan that the parties propose here - honoring the assignment through direct payment to counsel if no debt is found to exist - was acknowledged in Ratliff as an agency practice that continued after the offset rule went into effect in 2005.   Ratliff, 130 S.Ct. at 2529.  No explicit ruling against that practice has been handed down, which the Middle District of Florida has interpreted as the Supreme Court's implicit ratification of that practice.  Collins v. Astrue, 2010 WL 4023545 at *2 (M.D.Fla.,2010), Young v. Commissioner of Social Sec., 2010 WL 3043428 at *2 (M.D.Fla.,2010), Ford v. Astrue, 2010 WL 2991497 at *2 (M.D.Fla.,2010), Davis v. Commissioner of Social Sec., 2010 WL 2871118

---

[5]The concurrence in Ratliff addressed this more directly.  It noted that the ruling simply settles in the negative the narrow question whether EAJA *obligates* the agency to make EAJA payments payable to the attorney, as had often been argued theretofore. Ratliff, 130 S.Ct. at 2530 (Sotomayor, concurring).  That question is inapplicable here, where no one argues such an obligation.  The parties have negotiated their proposed schedule.  In addition it recognized the right of litigants to assign their interest in EAJA fees, and that assignments are governed by their terms but not by EAJA.  Id., quoted in Johnson v. Astrue, 2010 WL 4094360 (E.D.Ark. 2010).  Finally, the concurrence stressed that "[t]he EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled."  Id.

at *3 (M.D.Fla.,2010).[6] The Commissioner himself has argued that Ratliff implicitly ratified the practice that the parties propose here. Viator v. Astrue, 2010 WL 2942632 at *1 (M.D.Fla.,2010).

Although some courts have not honored assignments after Astrue, in many of those cases the government contested the validity of the assignment and/or the court was simply disinclined to delve into the logistics of determining whether an offset-qualifying debt existed. Neither of those problems is present here.

The manner of distribution proposed by the parties satisfies the Court that the government will discharge its duty as to the determination in a timely manner, gives some effect to the assignment Plaintiff voluntarily made, and is agreed to by both parties. The Court will not disturb these consensual arrangements, for the reasons discussed above. [Doc. 19]. Accordingly, the Court concludes that the award of EAJA fees is payable in the manner agreed upon between the parties as reflected in Defendant's Unopposed Motion for Consent Order. [Doc. 19].

---

[6]Of the Florida cases, the court did honor the assignment by leaving "to the parties the issue of to whom the fees shall be paid" in one instance (Collins), and did not honor the assignment because nothing addressed the question of claimant's debt status in three instances (Davis, Young and Ford). The parties' proposal provides a mechanism for determining debt status in the case at bar.

# **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 18], Defendant's Motion to Withdraw [Doc. 20], and Defendant's Amended Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorneys' Fees [Doc. 21] are hereby **GRANTED,** Defendant's Consent Motion for Entry of Order Accepting the Parties' Settlement Motion on Attorney Fees [Doc. 19] is hereby **DENIED AS MOOT**, and:

(1) The Plaintiff is hereby awarded $1,651.75 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order. Within the same 30 days, Plaintiff shall provide any valid fee assignment to Defendant.

(3) Within 90 days from the entry of this Order, Defendant shall distribute the sums awarded herein in the manner set out in his Amended Consent Motion. [Doc. 21, 21-1].

**IT IS FURTHER ORDERED** that in the event that past-due benefits

are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: January 18, 2011

Martin Reidinger
United States District Judge